**W.T. ZIMMERMAN, Jr., Appellant,**

v.

**Robert McCollum ROBINSON, Independent Executor of the Estate of John Virgil Brookshear, Deceased, Appellee.**

No. 07–93–0078–CV.

Court of Appeals of Texas, Amarillo.

Sept. 8, 1993.

Fudge & Elder, W. Bernard Fudge, Burk-burnett, for appellant.

Mullin, Hoard & Brown, Stewart R. Werner, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

W.T. Zimmerman, Jr. attempts to appeal from an order dismissing his original petition brought against Robert McCollum Robinson, appellee, as independent executor of the estate of John Virgil Brookshear [the estate], to recover oil royalties paid to the estate. Because Zimmerman failed to timely perfect his appeal and now cannot do so, the appeal must be dismissed for want of jurisdiction.

Zimmerman brings one point of error asserting that the County Court at Law of Randall County erred in dismissing his petition for want of jurisdiction. However, we do not reach this contention because we conclude that this Court is without jurisdiction to hear this appeal for the following reasons: (1) Zimmerman filed his cost bond to perfect appeal 82 days after the dismissal order was signed; and (2) the regular 30–day period in which to perfect an appeal was not extended to 90 days by Zimmerman's request for findings of fact and conclusions of law since the underlying suit was not tried.

The transcript tendered to this Court shows that Robinson filed a motion to dismiss Zimmerman's original petition based on a lack of subject matter jurisdiction. On January 27, 1993, the trial court granted Robinson's motion and dismissed the case. The order of dismissal states:

> Having considered ... Robinson's plea to the jurisdiction, and motion to dismiss, with respect to a lawsuit filed in the probate court by ... Zimmerman, ... the court finds that the plea to the jurisdiction should be, and the same is hereby, sustained, and the motion should be granted. (emphasis added).

As evidenced by the language in the order and the absence of a statement of facts and a hearing transcript, dismissal was ordered solely on Robinson's motion without a hearing. A week later, on February 3, 1993, Zimmerman filed a notice of appeal and requested findings of fact and conclusions of law. The trial court filed its findings and conclusions on February 19, 1993. Finally, on April 19, 1993, Zimmerman filed his cost bond.

The applicable rule in this case is rule 41(a)(1) of the Texas Rules of Appellate Procedure.[1] It provides:

> When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party or if any party has timely filed a request for findings of fact and conclusions of law in *a case tried* without a jury. If a deposit of cash is made in lieu of bond, the same shall be made within the same period. (emphasis added).

Under this rule, the appealing party has 30 days after the judgment is signed to perfect an appeal by either filing a cost bond, cash deposit, or affidavit of indigence with the trial court clerk. This 30–day period can be expanded to 90 days by either (1) timely filing a motion for new trial, or (2) timely requesting findings of fact and conclusions of law in cases "tried" without a jury.

Because the word "tried" is similarly used in rule 296 of the Texas Rules of Civil Proce-

---

1. All references to rule 41(a)(1) are to the Texas Rules of Appellate Procedure rule 41(a)(1).

dure,[2] we now turn to that rule for guidance in interpreting rule 41(a)(1). Rule 296 states:

> In any case *tried* in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. Such request shall be entitled "Request for Findings of Fact and Conclusions of Law" and shall be filed within twenty days after judgment is signed with the clerk of the court, who shall immediately call such request to the attention of the judge who *tried* the case. The party making the request shall serve it on all other parties in accordance with Rule 21a. (emphasis added).

 According to this rule and rule 297, a trial judge has the authority and duty to file requested findings of fact and conclusions of law where there has been an evidentiary hearing to the court or a bench trial on the merits. *Timmons v. Luce,* 840 S.W.2d 582, 586 (Tex.App.—Tyler 1992, no writ); *Electronic Power Design, Inc. v. R.A. Hanson Co., Inc.,* 821 S.W.2d 170 (Tex.App.—Houston [14th Dist.] 1991, no writ); *see also* 4 McDonald Texas Civil Practice § 20.4 (1992). However, this duty does not extend to requests for findings and conclusions from postjudgment hearings. *Johnson v. J.W. Const. Co.,* 717 S.W.2d 464, 468 (Tex.App.—Fort Worth 1986, no writ). Also, a dismissed complaint imposes no duty on the trial judge to file findings of fact and conclusions of law. *Eichelberger v. Balette,* 841 S.W.2d 508, 510 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Timmons v. Luce,* 840 S.W.2d at 586; *Kendrick v. Lynaugh,* 804 S.W.2d 153, 156 (Tex.App.—Houston [14th Dist.] 1990, no writ). Nor is a judge compelled to file findings and conclusions following a default judgment. *Nixon v. Nixon,* 348 S.W.2d 434 (Tex. Civ.App.—Houston [1st Dist.] 1961, writ ref'd n.r.e.). Moreover, any request for findings and conclusions, in a case not tried, is without effect. *Timmons v. Luce,* 840 S.W.2d at 586; *Healy v. Wick Bldg. Systems, Inc.,* 560 S.W.2d 713, 721 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

 We are pursuaded that rule 41(a)(1) should be construed consistent with rule 296 because any other interpretation would ignore the clear and concise language of rule 41(a)(1) and render the word "tried" meaningless. Consequently, a case dismissed for lack of subject matter jurisdiction, where there has been no evidentiary hearing, has not been tried. Thus, a request for findings and conclusions, under these circumstances, is without effect, and such request is insufficient to expand the 30–day period for perfection of appeal. In order to extend the appellate timetable by requesting findings of fact and conclusions of law, the appeal must arise from an evidentiary hearing to the court upon conflicting evidence.

In the instant case, the trial court dismissed Zimmerman's complaint for lack of subject matter jurisdiction. Dismissal was ordered solely on Robinson's motion and without a hearing or the introduction of evidence. Therefore, the case was not tried. As a result, Zimmerman had 30 days to perfect his appeal. Because he attempted to do so by posting bond on April 19, 1993 (82 days after the order of dismissal was signed), Zimmerman did not timely perfect his appeal to this Court.

Accordingly, the appeal is dismissed for want of jurisdiction.

**2.** All references to rules 296 and 297 are to the Texas Rules of Civil Procedure rules 296 and 297.