WISD Taxpayers v. WISD et al. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-286-CV

Â Â Â Â Â WISD TAXPAYERS ASSOCIATION,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â WACO INDEPENDENT SCHOOL DISTRICT, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 54th District Court
McLennan County, Texas
Trial Court # 95-1957-2
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â The WISD Taxpayers Association (Taxpayers) attempts to appeal from an order dismissing
their suit against the Waco Independent School District and certain members of its board of
trustees (collectively WISD). By a motion to dismiss, WISD argues that the Taxpayers failed to
timely perfect their appeal, thus depriving us of jurisdiction over this cause. Because we agree
with WISD, we dismiss the Taxpayers' appeal for want of jurisdiction. 
Â Â Â Â Â Â According to a report prepared by the State Comptroller's Office, the Waco Independent
School District (individually, the District) experienced a "major, and much publicized, financial
crisis" in December 1994 and January 1995. The Comptroller's report included a list of
"recommendations" to assist the District in correcting the problems that led to the "crisis." The
Taxpayers sued WISD seeking the court's aid in enforcing the Comptroller's recommendations. 
They sought a writ of mandamus compelling the District to: (1) conduct a mid-year independent
audit; (2) sue the District's external accounting firm for accounting malpractice; (3) sue the
District's legal representatives for legal malpractice; (4) dismiss three District employeesâthe
Superintendent, the Deputy Superintendent and the Assistant Superintendent for Business/Support
Services; (5) institute legal proceedings against individual trustees for breach of their fiduciary
duties; and (6) set-aside a specific budget amendment until a board meeting that followed
"parliamentary procedure" for considering the amendment could be held. They also requested that
the court issue an order removing certain trustees, enjoining the District from raising funds until
after a public accounting, and placing the District into receivership "until the financial crisis has
been rectified."
Â Â Â Â Â Â As part of its original answer, WISD filed a plea to the court's jurisdiction, a plea in
abatement, and a motion to dismiss. WISD argued that the Taxpayers had failed to exhaust the
administrative remedies available through the Commissioner of Education, were not entitled to
mandamus because they had not pled a claim for which mandamus was available and did not have
standing to seek mandamus against the District, lacked standing to seek ouster of the named
trustees, failed to plead a claim which would entitle them to an injunction, and requested an
unavailable remedy when they sought a receivership over the District.
Â Â Â Â Â Â On June 30, 1995, after a hearing at which the court "proceeded to review the pleadings and
to hear and consider the arguments and statements of counsel," the court granted WISD's pleas
to the jurisdiction and in abatement and dismissed the Taxpayers' lawsuit. The Taxpayers
requested that the court file findings of fact and conclusions of law supporting its order. Tex. R.
Civ. P. 296. The court never filed the requested findings and conclusions, even though the
Taxpayers timely filed a notice of overdue findings with the court. Id. 297. On September 20,
seventy-nine days after the suit was dismissed, the Taxpayers filed a notice of appeal and a cash
deposit in lieu of a cost bond. Tex. R. App. P. 40(a)(1). 
Â Â Â Â Â Â WISD asserts that the Taxpayers failed to timely perfect this appeal. Absent a filing which
extends the appellate timetable, a party has thirty days from the date an appealable order is signed
to file an instrument perfecting his appeal. Id. 41(a)(1); Linwood v. NCNB of Texas, 885 S.W.2d
102, 102 (Tex. 1994). WISD argues that the Taxpayers' request for findings of fact and
conclusions of law did not extend the due date for the cost bond because the cause was not "tried
without a jury." Chavez v. Housing Auth. of El Paso, 897 S.W.2d 523, 525 (Tex. App.âEl Paso
1995, writ denied); Zimmerman v. Robinson, 862 S.W.2d 162, 164 (Tex. App.âAmarillo 1993,
no writ). 
Â Â Â Â Â Â A cause is "tried" within the meaning of Rule 41(a)(1) when there is an evidentiary hearing
before the court upon conflicting evidence. Chavez, 897 S.W.2d 525; Besing v. Moffitt, 882
S.W.2d 79, 81-82 (Tex. App.âAmarillo 1994, no writ); Linwood v. NCNB of Texas, 876 S.W.2d
393, 395 (Tex. App.âDallas), rev'd on other grounds, 885 S.W.2d 102 (Tex. 1994). Where the
court rules without determining questions of fact, requests for findings of fact and conclusions of
law are neither appropriate nor effective for extending the appellate deadlines. Chavez, 897
S.W.2d 525-26; Zimmerman, 862 S.W.2d at 164. 
Â Â Â Â Â Â To establish jurisdiction below, the Taxpayers were required to allege facts that demonstrate
the court's subject-matter jurisdiction. Tex. Ass'n of Business v. Air Control Bd., 852 S.W.2d
440, 446 (Tex. 1993). Those allegations are taken as true by the trial court when considering a
plea to the jurisdiction or a motion to dismiss. Green v. Watson, 860 S.W.2d 238, 244-45 (Tex.
App.âAustin 1993, no writ). There are no disputed fact issues involved; rather, the pleadings
state the facts upon which the court rules. Green Intern., Inc. v. State, 877 S.W.2d 428, 437-38
(Tex. App.âAustin 1994, writ dism'd). Thus, when the court dismisses a suit based on the
pleadings, findings of fact and conclusions of law are not appropriate. Washington v. Fort Bend
Independent School Dist., 892 S.W.2d 156, 160 (Tex. App.âHouston [14th Dist.] 1994, writ
denied); Green Intern., 877 S.W.2d at 437-38; Green, 860 S.W.2d at 244-45.
Â Â Â Â Â Â Because the requests for findings of fact and conclusions of law are not appropriate, the
Taxpayers' request did not extend the timetable for perfecting its appeal. Chavez, 897 S.W.2d
525-26; Besing, 882 S.W.2d at 82; Linwood, 876 S.W.2d at 395; Zimmerman, 862 S.W.2d at
164. Therefore, the Taxpayers' cash deposit was not timely as it was not filed within thirty days
of the court's order, and we do not have jurisdiction. Tex. R. App. P. 41(a)(1); Zimmerman, 862
S.W.2d at 164; McCaskell v. Methodist Hosp., 856 S.W.2d 519, 521 (Tex. App.âHouston [1st
Dist.] 1993, no writ); El Paso Sharky's v. Amparan, 831 S.W.2d 3, 4-5 (Tex. App.âEl Paso
1992, writ denied). 
Â Â Â Â Â Â Because we do not have jurisdiction over this appeal, we grant WISD's motion and dismiss
this cause.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Motion granted, dismissed for want of jurisdiction
Opinion delivered and filed December 13, 1995
Publish



 who stopped Torres, and administered a standardized field sobriety test
to Torres.  

Â Â Â Â Â Â Â  Torres
argues:Â  

First, this portion of the charge was
not in writing.Â  Second, the judge commented on the weight of the evidence by
implying to the juryÂitÂs the only piece of evidence he mentionedÂhis opinion
that Officer RussellÂs testimony was important to its decision.Â  Third, there
was no opportunity for defense counsel to make objections; he did not have an
opportunity to.

Â Â Â Â Â Â  Furthermore, in addition to violations of
article 36.14, article 36.16 was violated: ÂThe failure of the court to give
the defendant or his counsel a reasonable time to examine the charge and
specify the ground of objection shall be subject to review either in the trial
court or in the appellate court.Â

(Br. at 13-14 (internal citation
omitted) (quoting Tex. Code Crim. Proc.
Ann. art. 36.16)); see Tex.
Code Crim. Proc. Ann. art. 36.14.Â  

Â Â Â Â Â Â Â  We assume without deciding
that, as Torres argues, the trial courtÂs statements constitute charge error.Â 
But we cannot assume, as Torres argues, that Torres preserved a charge
objection.Â  We perceive no hindrance to TorresÂs objecting at the time that the
trial court made the statements of which Torres complains.Â  Accordingly, we
evaluate those statements for egregious harm rather than, as Torres argues, for
some harm.

Â Â Â Â Â Â Â  As to the entirety of the
charge, Torres argues that what he calls the trial courtÂs ÂÂoralÂ jury-charge
instruction stood out precisely because it was oral.ÂÂ  (Br. at 6.)Â  But the trial court at the same time instructed the jury on, for example, the verdict
form, demonstrative exhibits, jury requests for evidence, and jury notes.Â 
Torres makes no other objection to the guilt-or-innocence charge.Â  The State
argues that the instruction of which Torres complains was a correct statement
of the law.Â  See Tex. Code Crim.
Proc. Ann.Â  art. 36.28 (Vernon 2006); Howell v. State, 175
S.W.3d 786, 790-92 (Tex. Crim. App. 2005); Robison v. State, 888 S.W.2d
473, 480-81 (Tex. Crim. App. 1994); Moore v. State, 874 S.W.2d
671, 673 (Tex. Crim. App. 1994).Â  The trial courtÂs written charge also
instructed the jury against considering anything the trial court said as a
comment on the weight of the evidence in the following terms:

Â Â Â Â Â Â  You are instructed that you are not to
allow yourselves to be influenced in any degree whatsoever by what you may
think or surmise the opinion of the Court to be.Â  The Court has no authority by
word or act to indicate an opinion respecting any matter of fact involved in
this case nor to indicate any desire respecting its outcome.Â  The Court has not
intended to express any opinion upon any matter of fact in this case, and if
you have observed anything which you have interpreted or may interpret as the
CourtÂs opinion upon any matter of fact in this case, you must wholly disregard
it.

(4 R.R. at 170; see I
C.R. at 91.)Â  The charge as a whole does not tend to show harm.

Â Â Â Â Â Â Â  As to the trial evidence, Torres argues, ÂThe
StateÂs best evidence of intoxication was the results of the field-sobriety
tests administered by Officer Russell, and in particular the horizontal gaze
nystagmus test which Russell testified was practically never wrong.ÂÂ  (Br. at 7.)Â  Regardless of the weight
that Officer Russell subjectively put upon the standardized field sobriety
test, the State, at least, relied on other evidence that Torres was
intoxicated.Â  That evidence was very strong.Â  Torres was driving his pickup
truck so slowly as to cause a traffic obstruction, and weaved within and
outside of his traffic lane.Â  Torres had a very strong odor of an alcoholic
beverage from his breath.Â  TorresÂs eyes were bloodshot and he slurred his
speech.Â  Torres misspelled his name when asked by officers.Â  Torres moved with
exaggerated slowness.Â  Torres fumbled in trying to find his driverÂs license
and insurance card, and officers saw him pass over them several times before he
found them.Â  Torres had to use the door of his truck to get out and stand up.Â 
Torres was belligerent with the officers.Â  Torres refused to submit a specimen
of his breath to determine its alcohol concentration.Â  The trial evidence does
not tend to show harm.

Â Â Â Â Â Â Â  As to the argument of counsel, Torres points out a
reference in the StateÂs argument to a standardized field sobriety test that
Officer Russell had administered to Torres.Â  That and one other reference, both
in passing, occurred in the seventeen pages of the StateÂs argument.Â  The State
thus emphasized the other, strong evidence that Torres was intoxicated, not the
standardized field sobriety test.Â  The argument of counsel does not tend to
show harm.

Â Â Â Â Â Â Â  As to other relevant
information, the parties agree that there is none.Â  

Â Â Â Â Â Â Â  Torres did not suffer
egregious harm from the trial courtÂs reference to the testimony of Officer
Russell.

Â Â Â Â Â Â Â  We overrule TorresÂs first
issue.

Â Â Â Â Â Â Â  Punishment.Â  In
TorresÂs second issue, he complains of the charge in the punishment phase of
trial.Â  

Â Â Â Â Â Â Â  Torres complains of the following instruction:

Do not let personal bias, prejudice, sympathy or
resentment on your part, or any such personal emotion on your part, enter into
your deliberations or affect your verdict in this case.

(5 R.R. at 67 (quoting I C.R. at 52).)

Â Â Â Â Â Â Â  Torres argues that Âsympathy is proper for the
jury to consider in assessing punishment.Â .Â .Â .Â  In fact, a jury
may properly consider mitigating evidence, including sympathy, when it
contemplates and renders a verdict.ÂÂ  (Br. at 8 (citing Coddington v. State,
2006 OK CR 34, Â¶Â 90, 142 P.3d 437, 460, cert. denied, 127
S.Â Ct. 2032 (2007); Dycus v. State, 1998-DP-01094-SCT
(Â¶Â¶Â 133-35), 875 So.2d 140, 167 (Miss. 2004), judgment vacated on other
grounds, 544 U.S. 901 (2005)).)Â  But the United States Supreme Court has
held that the jurors need not Âbe allowed to base the sentencing decision upon
the sympathy they feel for the defendant after hearing his mitigating
evidence.ÂÂ  Saffle v. Parks, 494 U.S. 484, 489 (1990); accord Wilson
v. State, No. 10-07-00171-CR, 2008 Tex. App. LEXIS 5138, at *8-11 (Tex.
App.ÂWaco July 9, 2008, no pet. h.).

Â Â Â Â Â Â Â  The trial court did not err in
its anti-sympathy instruction.Â  We overrule TorresÂs second issue.

Â Â Â Â Â Â Â  Conclusion.Â  Having overruled TorresÂs issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â Â Â  Justice Reyna

Â Â Â Â Â Â Â  (Justice Vance concurs in the judgment
with a note) *

Affirmed

Opinion delivered and filed September 24, 2008

Do not publish

[CR25]

Â 

Â Â Â Â Â Â Â  * Â(I would find that trial
courtÂs statements in issue one were erroneous, but I agree to affirm the
judgment.)Â