LUSK081CV 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-000081-CV







Elmer Lusk, Appellant



v.



Service Lloyds Insurance Company and Texas Workers'


Compensation Commission, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 95-07181, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 







PER CURIAM

 

 Elmer T. Lusk, appellant, attempts to appeal from an order dismissing his original
petition brought against Service Lloyds Insurance Company ("Service Lloyds") and Texas
Workers' Compensation Commission (the "Commission"), appellees. Although Lusk timely
perfected his appeal, he failed to timely submit the record for appellate review. We shall dismiss
the appeal for want of jurisdiction.

 The transcript tendered to this Court shows that Service Lloyds and the
Commission filed motions in the trial court to dismiss Lusk's original petition based on lack of
subject matter jurisdiction. The motions urged that appellant failed to exhaust his administrative
remedies within a timely manner and thus, all administrative decisions became final and
unappealable. On October 19, 1995, the trial court jointly granted the motions and dismissed the
cause. The order of dismissal states "[t]he Court, after reviewing the Pleas to the Jurisdiction and
the argument of counsel, is of the opinion that the Pleas to the Jurisdiction should be granted." 
(Emphasis added.) As evidenced by the language in the order and the presence of a statement of
facts, dismissal was solely based upon the motion, the pleadings on file, and the arguments made
at the accompanying hearing. On November 13, 1995, Lusk timely perfected his appeal by filing
his notice of appeal and cost bond with the trial court. Lusk timely requested findings of fact and
conclusions of law on November 6, 1995, and amended his request on November 13, 1995. The
trial court did not respond.

 The applicable rule in the instant cause is rule 54 of the Texas Rules of Appellate
Procedure which provides:



The transcript and statement of facts, if any, shall be filed in the appellate court
within sixty days after the judgment is signed, . . . or if any party has timely filed
a request for findings of fact and conclusions of law in a case tried without a jury,
within one hundred twenty days after the judgment is signed.



Tex. R. App. P. 54(a) [emphasis added]. The word "tried" is similarly used in rule 296 of the
Texas Rules of Civil Procedure and provides that parties may only request findings of fact and
conclusions of law in cases tried without a jury. Tex. R. Civ. P. 296. The trial envisioned by
Rule 296 is an evidentiary hearing to the court or a bench trial on the merits. Davis v. State, 904
S.W.2d 946, 949 (Tex. App.--Austin 1995, no writ); Zimmerman v. Robinson, 862 S.W.2d 162,
164 (Tex. App.--Amarillo 1993, no writ); see also McDonald Texas Civil Practice § 20.4 (1992).

 A request for findings of fact and conclusions of law after a summary judgment
does not extend the appellate timetable because findings of fact have no place in a summary
judgment proceeding. Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994). This Court
declined to extend Linwood to judgments rendered on stipulated facts. Davis, 904 S.W.2d at 950-51. We distinguished the role of findings in summary judgment cases, where findings
unqualifiedly have no place, from that in agreed cases, where findings generally have no place. 
Id. at 957. We also noted that, in an appeal from an agreed case, we cannot determine whether
findings are necessary until we have jurisdiction over the cause. Id. This cause resembles Davis
in that a ruling on a motion to dismiss for want of jurisdiction might require that evidence be
received. (1) This cause differs from Davis, however, in that it is clear from this record that the trial
court heard no evidence before rendering judgment. Moreover, unlike Davis, the cause before
us does not concern stipulated facts from which inferential findings might be made. Because,
without evidence, the trial court had no facts to determine and no trial occurred, findings of fact
are clearly inappropriate. See Linwood, 885 S.W.2d at 103; Zimmerman, 862 S.W.2d at 164.

 Ordinarily, the timely filing of a request for findings of fact and conclusions of law
would extend the deadline to file the record to one hundred and twenty days after the judgment
was signed. Tex. R. App. P. 54(a). However, in the instant cause, there was no factual evidence
presented to the trial court. Following a hearing on the plea to the jurisdiction, the court rendered
judgment based solely upon the motions, the pleadings on file, and the arguments predicated upon
those motions. Thus, a request for findings and conclusions under these particular circumstances,
is without effect, and such request is insufficient to extend the sixty-day period for timely filing
the appellate record. See WISD Taxpayers Ass'n v. Waco Ind. Sch. Dist., 912 S.W.2d 393, 394
(Tex. App.--Waco 1995, no writ).

 The record in this cause was due in this Court within sixty days after the judgment
was signed or on or before December 18, 1995. Tex. R. App. P. 54(a). Lusk timely filed his
Statement of Facts on December 8, 1995. However, he failed to file the transcript or a motion
for extension of time to file the transcript within the seventy-five day time period. Although Lusk
filed his Original Request for Findings of Fact and Conclusions of Law on or about November
1, 1995, such filing does not, in this instance, operate to extend the appellate timetable. Further,
no motion for new trial or other post-judgment motion under Tex. R. Civ. P. 306a was filed by
Lusk. Hence, the record could have been filed in this Court as late as January 2, 1996. See Tex.
R. App. P. 54(a).

 Lusk tendered the record too late. On February 8, 1996, he filed a motion to
extend time to file the transcript. Subsequently, the transcript was tendered in this Court on
February 15, 1996. Although this Court has received Lusk's motion to extend the time of filing,
we conclude that such motion is untimely. The appellate deadlines are mandatory. This Court
has no jurisdiction to consider a motion filed after the fifteen-day grace period has expired. 
Trans-Continental Properties, Ltd. v. Taylor, 717 S.W.2d 890, 891 (Tex. 1986).

 Because Lusk has failed to properly bring the record before this Court for appellate
review, we deny appellant's motion for extension of time to file the transcript and we grant
appellees' motions to dismiss this appeal for want of jurisdiction.

 The appeal is dismissed for want of jurisdiction.


Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction on Appellees' Motions

Filed: May 8, 1996 

Publish

1.   See Booth v. Texas Employees' Ins. Ass'n., 123 S.W.2d 322, 327 (Tex. 1938); Flowers
v. Lavaca County Appraisal Dist., 766 S.W.2d 825, 827 (Tex. App.--Corpus Christi 1989,
writ denied); Delk v. City of Dallas, 560 S.W.2d 519, 520 (Tex. Civ. App.--Texarkana 1977,
no writ); Lane v. Davis, 337 S.W.2d 292, 293 (Tex. Civ. App.--San Antonio 1960, no writ).