TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00333-CV






Lizzie Shaw, Appellant



v.



Texas Property & Casualty Insurance Guaranty Association, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. GN301716, HONORABLE DARLENE BYRNE, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 Appellee Texas Property & Casualty Insurance Guaranty Association has moved to
dismiss this appeal for want of prosecution based on appellant's failure to file a brief. See Tex. R.
App. P. 38.8(a). We will dismiss the appeal, but based on lack of jurisdiction because the notice of
appeal was late. See Tex. R. App. P. 42.3(a).

 This Court first received documents in this case in June 2004. The clerk's record
contained a notice of appeal and an "amended, alternatively, supplemental" notice of appeal. It was
unclear from which trial-court order appellant intended to perfect appeal as the notice of appeal
referred to a December 19, 2003, dismissal and the amended notice to an order dated April 21, 2004. (1) 
However, the order of April 21, 2004, addressed the court's determination that it had no power to
entertain an amended special appearance filed by appellant because the cause had been dismissed
on December 19, 2003, and no motions had been filed that would have extended the trial court's
plenary power, which expired on January 18, 2004. Appellant contended that her request for
findings of fact and conclusions of law had extended the court's plenary power and appellate
timetables. Her request, however, did not have that effect. (2)

 The trial court's December order dismissed appellant's cause after finding that she
had failed to amend her pleadings to meet special exceptions that had been granted, struck the
offending portions, and held that her petition failed to state a cause of action. Appellant requested
findings of fact and conclusions of law. The trial court promptly denied that request with a letter
explaining that findings of fact and conclusions of law were not appropriate.

 Generally, a court has the authority and duty to file requested findings of fact and
conclusions of law when there has been an evidentiary hearing to the court or a bench trial on the
merits. See Zimmerman v. Robinson, 862 S.W.2d 162 (Tex. App.--Amarillo 1993, no writ). But
there is no duty to file findings and conclusions in a case not tried. Id. at 164. A complaint
dismissed is a case that is not tried, therefore a request for findings and conclusions is without effect. 
Id.; see IKB Indus. v. Pro-Line Corp., 948 S.W.2d 440, 443 (Tex. 1997) (when findings of fact and
conclusions of law can have no purpose, they should not be requested, made, or considered on
appeal; examples include dismissal based on the pleadings or special exceptions and any judgment
rendered without an evidentiary hearing); Foster v. Williams, 74 S.W.3d 200, 204 (Tex.
App.--Texarkana 2002, pet. denied) (without hearing evidence, court dismissed case based on
pleadings' revelation that statute of limitations barred).

 The trial court did not hold an evidentiary hearing before dismissing the case at issue;
it dismissed as a matter of law for failure to state a cause of action. Findings of fact and conclusions
of law were not appropriate. Accordingly, appellant's request for findings of fact and conclusions
of law did not extend either the trial court's plenary power or the appellate timetables. See Tex. R.
App. P. 26.1.

 The final order in this case was signed December 19, 2003. Because the earliest
possible notice of appeal was filed outside the thirty-day period for perfecting appeal and outside the
fifteen-day period for any extension, we must dismiss for want of jurisdiction. See Tex. R. App. P.
2 (may not alter time for perfecting appeal); 25.1(b) (filing notice of appeal invokes jurisdiction of
appellate court); In re Estate of Padilla, 103 S.W.3d 563, 567 (Tex. App.--San Antonio 2003, no
pet.) (3)

 We dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a).



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear


Dismissed for Want of Jurisdiction


Filed: January 24, 2005
1. The earliest notice of appeal was file-marked March 19, but apparently postmarked March 16,
2004.
2. No documents that could be construed as a motion for new trial were filed, only the request for
findings and conclusions and notices of past due findings and conclusions.
3. Appellant proceeds pro se in this litigation, which does not excuse her from complying with
applicable rules of procedure:


There cannot be two sets of procedural rules, one for litigants with counsel and the other
for litigants representing themselves. Litigants who represent themselves must comply
with the applicable procedural rules, or else they would be given an unfair advantage over
litigants represented by counsel.


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); see also Chandler v. Chandler,
991 S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied).