IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00006-CV

 

Tim Johnson and Ed White,

                                                                      Appellants

 v.

 

Charles Tims, Jerry McLemore,

and Bobby E. Parker, Jr.,

                                                                      Appellees

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 69178

 



Order



 

          Appellees’
motion for rehearing is denied.

 

 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray would grant the motion for rehearing)

Rehearing denied

Order issued and filed
August 10, 2005

Do not publish








          






he
defendants were so closely related in their business actions that the
institution of an action against one served to provide notice of the litigation
to the others.  Wion relies on the Fifth Circuit’s opinion in Jacobsen v.
Osborne for this proposition.  Jacobsen v. Osborne, 133 F.3d 315,
320 (5th Cir. La. 1998).  Wion’s reliance on that case is misplaced.  In Jacobsen,
the court discussed the identity of interest between an original defendant and
one sought to be added or substituted.  It does not stand for the proposition
that Wion was not required to serve each of the defendants he named in his
petition.  

            Wion’s second issue is overruled.

Findings of Fact and
Conclusions of Law

            In his first issue, Wion argues that
the trial court erred in granting Thayler’s plea to the jurisdiction and in
failing to file findings of fact and conclusions of law.  We address the findings
argument first.  

            Wion timely filed a request for
findings of fact and conclusions of law and a notice of past due findings of
fact and conclusions of law.  See Tex.
R. Civ. P. 296; 297.  However, the trial court has no duty to file
findings of fact and conclusions of law when a case, like this one, has been
dismissed for lack of subject matter jurisdiction and no evidentiary hearing
has been held.  See Zimmerman v. Robinson, 862 S.W.2d 162, 164
(Tex. App.—Amarillo 1993, no writ); Timmons v. Luce, 840 S.W.2d 582, 586
(Tex. App.—Tyler 1992, no writ).  Although Wion argues that his hearing on the
State’s plea to the jurisdiction was the “functional equivalent” of an
evidentiary hearing, it was not.  Accordingly, the trial court did not err in
failing to file findings of fact and conclusions of law, and this part of
Wion’s first issue is overruled.

Plea to the Jurisdiction

            Generally, the State of Texas has sovereign immunity from suit unless waived by the Legislature.  State v.
Shumake, 199 S.W.3d 279, 283 (Tex. 2006); Gen. Servs. Comm'n v.
Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001).  Immunity from
suit defeats a trial court's subject matter jurisdiction and is properly
asserted in a plea to the jurisdiction.  Tex. Dep't of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 225-226 (Tex. 2004).  When a plea to
the jurisdiction challenges the pleadings, we determine if the pleader has
alleged facts that affirmatively demonstrate the court's jurisdiction to hear
the cause.  Id. at 226.  When elements of a statutory claim involve
"the jurisdictional inquiry of sovereign immunity from suit," those
elements can be relevant to both jurisdiction and liability.  In re United
Servs. Auto. Ass'n, 307 S.W.3d 299, 307 (Tex. 2010); State v. Lueck,
290 S.W.3d 876, 883 (Tex. 2009).

ADA Claims

            Title II of the Americans with
Disabilities Act authorizes suits by private citizens for money damages against
public entities that violate § 12132 of the Act.  See 42 U.S.C. § 12133;
 United States v. Georgia, 546 U.S. 151, 154, 126 S. Ct. 877, 163
L. Ed. 2d 650 (2006).  Title II provides that "no qualified individual
with a disability shall, by reason of such disability, be excluded from
participation in or be denied the benefits of the services, programs, or
activities of a public entity, or be subjected to discrimination by any such
entity."  42 U.S.C. § 12132.  A "qualified individual with a
disability” is defined as "an individual with a disability who, with or
without reasonable modifications to rules, policies, or practices, the removal
of architectural, communication, or transportation barriers, or the provision
of auxiliary aids and services, meets the essential eligibility requirements
for the receipt of services or the participation in programs or activities
provided by a public entity."  Id. § 12131(2).  The United States
Supreme Court has held that the term “public entity” includes state prisons.  See
 Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998). 

            Wion argues that the ADA validly
abrogates the State’s sovereign immunity and that the trial court may not
inquire into whether he has alleged facts that the ADA was violated.  The
waiver provision of the ADA provides:  “A State shall not be immune under the
eleventh amendment to the Constitution of the United State from an action in
Federal or State court … for a violation of this chapter.”  § 12202
(emphasis added).  We do not decide whether this provision validly abrogates
the State’s 11th Amendment immunity because the trial court is still permitted
to inquire whether Wion has alleged a violation of the ADA in his pleadings.  See
In re United Servs. Auto. Ass'n, 307 S.W.3d 299, 307 (Tex. 2010); State
v. Lueck, 290 S.W.3d 876, 883 (Tex. 2009).  

            While Wion may have alleged facts that
affirmatively demonstrate he has a disability, an issue we do not decide, he
has not alleged facts that he is a qualified individual with a disability
because he has not alleged facts that he “meets the essential eligibility requirements
for the receipt of services or the participation in programs or activities
provided.”  § 12131(2).  Accordingly, the trial court did not err in granting
the State’s plea to the jurisdiction regarding Wion’s ADA claims.

Rehabilitation Act Claims

            Wion argues that the state’s immunity
is waived pursuant to the Rehabilitation Act because the prison accepts federal
funding.  See 29 U.S.C. § 794(a).  However, there is no waiver of state
immunity to suits in state courts under this Act.  See 42 U.S.C. § 2000d-7
(“A State shall not be immune…from suit in Federal court for a violation
of section 504 of the Rehabilitation Act….”) (emphasis added).  Further, even
if a waiver of immunity was possible in state court proceedings, a state’s
receipt of federal funds does not automatically constitute a waiver.  See
 Hurst v. Tex. Dep't of Assistive & Rehabilitative Servs.,
482 F.3d 809, 811 (5th Cir. 2007).  Accordingly, the trial court did not err in
granting the State’s plea to the jurisdiction regarding Wion’s Rehabilitation
Act claims.  

Section 1983 Claims

 

            Wion further argues that the trial
court erred in granting the state’s plea to the jurisdiction on Wion’s section
1983 claims because, he alleges, that all parties sued pursuant to section 1983
were sued in their individual capacities.  As was determined earlier, the only
party remaining in this suit is Thayler.  The other parties were properly
dismissed by the trial court.  The question remains then, was Thayler sued in
his individual or official capacity.  If he was sued in his official capacity,
"neither a State nor its officials acting in their official capacities are
'persons' under § 1983."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989); Tex. A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835 (Tex. 2007).  Section 1983 would not apply to
an official sued in his official capacity.

            In Wion’s first amended petition, Wion
sued Douglas Dretke, the director of TDCJ-ID at the time, in both Dretke’s
individual and official capacity.  When Thayler took over as director, after
the order rendered on the State’s plea to the jurisdiction, Wion substituted
Thayler in the style of the case on his notice of appeal.  Rule 7.2 of the
Texas Rules of Appellate Procedure provides that when a public officer is a
party to an appeal and ceases to hold office before the appeal is disposed, the
officer’s successor is automatically substituted as a party.  Tex. R. App. P. 7.2(a).  There is no
provision for substituting an official that was sued in his individual
capacity.  Therefore, Thayler was only substituted in his official capacity and
is not a “person” that can be sued under § 1983.  Accordingly, the trial court
did not err in granting the State’s plea to the jurisdiction regarding Wion’s §
1983 claims.

Texas Human Resources Code

            Wion also contends that the trial
court erred in granting the State’s plea to the jurisdiction on his claims
pursuant to chapter 121 of the Texas Human Resources Code.  Tex. Hum. Res. Code Ann. § 121.001 et
seq. (Vernon 2001 and Supp. 2010).  There is no indication in that statute that
 Texas intended to waive its immunity and consent to suit.  Id.; see
McCoy v. Tex. Dep't of Crim. Justice, 2005 U.S. Dist. LEXIS 34405 (S.D. Tex. Dec. 1, 2005, order).  Accordingly, the trial court did not err in granting the plea
to the jurisdiction regarding these claims.

            Wion’s first issue is overruled.

Appointment of Counsel

            Lastly, Wion complains that the trial
court erred in denying Wion’s motion for the appointment of counsel.  The trial
court may appoint counsel for a party who makes an affidavit that he is too
poor to employ counsel.  Tex. Gov't Code
Ann. § 24.016 (Vernon 2004).  There is no requirement that a civil
litigant must be represented by counsel.  See Gibson v. Tolbert,
102 S.W.3d 710, 712 (Tex. 2003).  But the Texas Supreme Court has suggested, in
other contexts, that under exceptional circumstances, "the public and
private interests at stake [may be] such that the administration of justice may
best be served by appointing a lawyer to represent an indigent civil
litigant.”  Id., (quoting Travelers Indem. Co. v. Mayfield,
923 S.W.2d 590, 594 (Tex. 1996)).  Following this suggestion, appellate courts
have held that a trial court does not abuse its discretion in refusing to
appoint counsel when the indigent party fails to demonstrate why the public and
private interests at stake are so exceptional that the administration of
justice is served by the appointment.  Hall v. Treon, 39 S.W.3d 722, 724
(Tex. App.—Beaumont 2001, no pet.); Coleman v. Lynaugh, 934 S.W.2d 837,
839 (Tex. App.—Houston [1st Dist.] 1996, no pet.).  That one is an inmate does
not render the cause exceptional.  Gibson, 102 S.W.3d at 713. 

             Wion provides no basis for a finding
that his case warrants the appointment of counsel.  He merely asserts that, due
to his incarceration, he is unable to present and investigate his case, the ADA
statutes are not available to him, the case was "seriously complex,"
and he does not have the knowledge and skill to effectively present his case. 
However, Wion does nothing to explain why the case was complex.  Accordingly,
the trial court did not abuse its discretion in denying Wion’s motion to
appoint counsel.

            Wion additionally suggests that we use
the federal statute and the federal courts’ method of reviewing the denial of
appointing counsel.  See 28 U.S.C. § 1915(e)(1); Romero v. Becken,
256 F.3d 349, 354 (5th Cir. 2001).  However, those are procedures and methods
used when a civil case is filed in federal court, not state court.  Wion filed
his claims in state court.  

            His third issue is overruled.

Conclusion

            Having overruled each of Wion’s issues
on appeal, we affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed November 17, 2010

[CV06]