

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00369-CV

**BARRY WION,**

                                        **Appellant**

 **v.**

**RICK THAYLER**

                                        **Appellee**

From the 52nd District Court
Coryell County, Texas
Trial Court No. COT-04-35630

## MEMORANDUM  OPINION

Barry Wion, a prison inmate, appeals the trial court's order granting the State's plea to the jurisdiction and dismissing all of Wion's claims against all parties. Because the trial court did not err in dismissing all of Wion's claims against all defendants other than Rick Thayler for the failure to serve, and in dismissing Wion's claims against Thayler for lack of subject matter jurisdiction, and because the trial court did not err in failing to file findings of fact and conclusions of law and in denying Wion's request for appointed counsel, we affirm the judgment of the trial court.

## DEFENDANTS NOT SERVED

We begin with Wion's second issue in which he argues that the trial court erred in dismissing his claims against the defendants, other than Rick Thayler, for failure to serve. Specifically, he complains that one defendant, Dr. Josephine Sessions, appeared in the suit by giving testimony at a hearing. That hearing is not a part of the record in this appeal. Accordingly, this part of his issue is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.8.

Wion also argues that the dismissal was error as to any of the defendants, other than Thayler, because the defendants were so closely related in their business actions that the institution of an action against one served to provide notice of the litigation to the others. Wion relies on the Fifth Circuit's opinion in *Jacobsen v. Osborne* for this proposition. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. La. 1998). Wion's reliance on that case is misplaced. In *Jacobsen*, the court discussed the identity of interest between an original defendant and one sought to be added or substituted. It does not stand for the proposition that Wion was not required to serve each of the defendants he named in his petition.

Wion's second issue is overruled.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his first issue, Wion argues that the trial court erred in granting Thayler's plea to the jurisdiction and in failing to file findings of fact and conclusions of law. We address the findings argument first.

Wion timely filed a request for findings of fact and conclusions of law and a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296; 297. However, the trial court has no duty to file findings of fact and conclusions of law when a case, like this one, has been dismissed for lack of subject matter jurisdiction and no evidentiary hearing has been held. *See Zimmerman v. Robinson*, 862 S.W.2d 162, 164 (Tex. App.—Amarillo 1993, no writ); *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ). Although Wion argues that his hearing on the State's plea to the jurisdiction was the "functional equivalent" of an evidentiary hearing, it was not. Accordingly, the trial court did not err in failing to file findings of fact and conclusions of law, and this part of Wion's first issue is overruled.

## PLEA TO THE JURISDICTION

Generally, the State of Texas has sovereign immunity from suit unless waived by the Legislature. *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). Immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-226 (Tex. 2004). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* at 226. When elements of a statutory claim involve "the jurisdictional inquiry of sovereign immunity from suit," those elements can be relevant to both jurisdiction and liability. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010); *State v. Lueck*, 290 S.W.3d 876, 883 (Tex. 2009).

*ADA Claims*

Title II of the Americans with Disabilities Act authorizes suits by private citizens for money damages against public entities that violate § 12132 of the Act. *See* 42 U.S.C. § 12133; *United States v. Georgia*, 546 U.S. 151, 154, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id*. § 12131(2). The United States Supreme Court has held that the term "public entity" includes state prisons. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998).

Wion argues that the ADA validly abrogates the State's sovereign immunity and that the trial court may not inquire into whether he has alleged facts that the ADA was violated. The waiver provision of the ADA provides: "A State shall not be immune under the eleventh amendment to the Constitution of the United State from an action in Federal or State court … *for a violation of this chapter*." § 12202 (emphasis added). We do not decide whether this provision validly abrogates the State's 11th Amendment immunity because the trial court is still permitted to inquire whether Wion has alleged

Wion v. Thayler                                                                                                    Page 4

a violation of the ADA in his pleadings. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010); *State v. Lueck*, 290 S.W.3d 876, 883 (Tex. 2009).

While Wion may have alleged facts that affirmatively demonstrate he has a disability, an issue we do not decide, he has not alleged facts that he is a qualified individual with a disability because he has not alleged facts that he "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided." § 12131(2). Accordingly, the trial court did not err in granting the State's plea to the jurisdiction regarding Wion's ADA claims.

*Rehabilitation Act Claims*

Wion argues that the state's immunity is waived pursuant to the Rehabilitation Act because the prison accepts federal funding. *See* 29 U.S.C. § 794(a). However, there is no waiver of state immunity to suits in state courts under this Act. *See* 42 U.S.C. § 2000d-7 ("A State shall not be immune…from suit *in Federal court* for a violation of section 504 of the Rehabilitation Act….") (emphasis added). Further, even if a waiver of immunity was possible in state court proceedings, a state's receipt of federal funds does not automatically constitute a waiver. *See Hurst v. Tex. Dep't of Assistive & Rehabilitative Servs.*, 482 F.3d 809, 811 (5th Cir. 2007). Accordingly, the trial court did not err in granting the State's plea to the jurisdiction regarding Wion's Rehabilitation Act claims.

*Section 1983 Claims*

Wion further argues that the trial court erred in granting the state's plea to the jurisdiction on Wion's section 1983 claims because, he alleges, that all parties sued pursuant to section 1983 were sued in their individual capacities. As was determined

earlier, the only party remaining in this suit is Thayler. The other parties were properly dismissed by the trial court. The question remains then, was Thayler sued in his individual or official capacity. If he was sued in his official capacity, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex. 2007). Section 1983 would not apply to an official sued in his official capacity.

In Wion's first amended petition, Wion sued Douglas Dretke, the director of TDCJ-ID at the time, in both Dretke's individual and official capacity. When Thayler took over as director, after the order rendered on the State's plea to the jurisdiction, Wion substituted Thayler in the style of the case on his notice of appeal. Rule 7.2 of the Texas Rules of Appellate Procedure provides that when a public officer is a party to an appeal and ceases to hold office before the appeal is disposed, the officer's successor is automatically substituted as a party. TEX. R. APP. P. 7.2(a). There is no provision for substituting an official that was sued in his individual capacity. Therefore, Thayler was only substituted in his official capacity and is not a "person" that can be sued under § 1983. Accordingly, the trial court did not err in granting the State's plea to the jurisdiction regarding Wion's § 1983 claims.

*Texas Human Resources Code*

Wion also contends that the trial court erred in granting the State's plea to the jurisdiction on his claims pursuant to chapter 121 of the Texas Human Resources Code. TEX. HUM. RES. CODE ANN. § 121.001 et seq. (Vernon 2001 and Supp. 2010). There is no

indication in that statute that Texas intended to waive its immunity and consent to suit. *Id.*; *see McCoy v. Tex. Dep't of Crim. Justice*, 2005 U.S. Dist. LEXIS 34405 (S.D. Tex. Dec. 1, 2005, order). Accordingly, the trial court did not err in granting the plea to the jurisdiction regarding these claims.

Wion's first issue is overruled.

## APPOINTMENT OF COUNSEL

Lastly, Wion complains that the trial court erred in denying Wion's motion for the appointment of counsel. The trial court may appoint counsel for a party who makes an affidavit that he is too poor to employ counsel. TEX. GOV'T CODE ANN. § 24.016 (Vernon 2004). There is no requirement that a civil litigant must be represented by counsel. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). But the Texas Supreme Court has suggested, in other contexts, that under exceptional circumstances, "the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Id.*, (*quoting Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996)). Following this suggestion, appellate courts have held that a trial court does not abuse its discretion in refusing to appoint counsel when the indigent party fails to demonstrate why the public and private interests at stake are so exceptional that the administration of justice is served by the appointment. *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.); *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex. App.—Houston [1st Dist.] 1996, no pet.). That one is an inmate does not render the cause exceptional. *Gibson*, 102 S.W.3d at 713.

Wion provides no basis for a finding that his case warrants the appointment of counsel. He merely asserts that, due to his incarceration, he is unable to present and investigate his case, the ADA statutes are not available to him, the case was "seriously complex," and he does not have the knowledge and skill to effectively present his case. However, Wion does nothing to explain why the case was complex. Accordingly, the trial court did not abuse its discretion in denying Wion's motion to appoint counsel.

Wion additionally suggests that we use the federal statute and the federal courts' method of reviewing the denial of appointing counsel. *See* 28 U.S.C. § 1915(e)(1); *Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001). However, those are procedures and methods used when a civil case is filed in federal court, not state court. Wion filed his claims in state court.

His third issue is overruled.

### CONCLUSION

Having overruled each of Wion's issues on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed November 17, 2010
[CV06]