**Joel STAFFORD, Relator,**

v.

**The Honorable Eileen F. O'NEILL, Judge of the 190th District Court of Harris County, Respondent.**

No. 01–95–00239–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 1, 1995.

Joel Stafford, pro se.

Before O'CONNOR, HUTSON–DUNN and WILSON, JJ.

**OPINION**

O'CONNOR, Justice.

Joel Stafford, relator, acting pro se, seeks mandamus relief from an order sustaining a contest to his affidavit of inability to pay the costs of an appeal.

Relator filed a lawsuit against a lawyer for legal malpractice. That suit was resolved by summary judgment in favor of the lawyer. After receiving notice of the summary judgment, relator filed a motion for new trial, which extended the deadline for perfecting the appeal, and then filed a timely affidavit of indigence.

Relator's affidavit states the following. He is confined to the Texas Department of Criminal Justice–Institutional Division and has been confined there since June 9, 1989. He is unemployed and has depleted all earnings from earlier employment. In the past 12 months, he has not received any income from a business, profession, or other form of self-employment, or in the form of rent payments, interest, dividends, or related sources. He does not own any cash or checking or savings accounts, or any real estate, stocks, bonds, notes, automobiles, or other valuable property—other than household furnishings and clothing. The record presented on this mandamus does not include any controverting evidence.

On December 28, 1994, the trial court sustained the lawyer's challenge to the relator's affidavit.

When the court sustains the contest, to perfect the appeal the indigent must file the bond or security. The indigent has 10 days from the date the contest is sustained to file an appeal bond. TEX.R.APP.P. 41(a)(2); *Lopez v. Foremost Paving, Inc.*, 671 S.W.2d 614, 616 (Tex.App.—San Antonio 1984, no writ). The 10 days granted in TEX.R.APP.P. 41(a)(2) is in addition to the original time to perfect the appeal—i.e., the 30–day or 90–day (depending on post-trial motions) period that begins on the date the judgment is signed. In this case, because the relator filed a motion for new trial, he had 90 days from the date the judgment was signed to perfect his appeal. *White v. Baker & Botts*, 833 S.W.2d 327, 328 n. 3 (Tex.App.—Houston [1st Dist.] 1992, no writ). Thus, the relator had the latest date of the two—10 days after the court sustained the contest or 90 days after the court signed the judgment.

Because the final judgment was signed on September 21, rule 41(a)(1) gave the relator until December 20, 1994 to perfect his appeal. Because the court sustained the contest on December 28, rule 41(a)(2) gave relator until January 9 (January 7 was a Satur-

day). The later of the two was January 9, 1995. Thus, relator had until January 9 to perfect the appeal by filing a bond or posting security.

If the relator needed additional time to either perfect the appeal or to challenge the trial court's ruling, the relator could have filed a motion to extend time under TEX. R.APP.P. 41(a) within 15 days of January 9. The relator did not file a motion to extend time to perfect the appeal while he sought relief from the trial court's ruling by mandamus.

Two months later, on March 6, 1995, the relator filed this motion for leave to file a mandamus, asking this Court for relief from the trial court's order sustaining the contest to his affidavit of indigence. We hold the relator filed his petition for mandamus too late.

In *White,* we recognized that no rule of procedure sets a deadline for filing a mandamus to challenge the trial court's order sustaining a contest. 833 S.W.2d at 330–31. In that case, we suggested an indigent who challenges the trial court's order denying leave to appeal as an indigent should ask the court of appeals to enter a temporary order suspending the time to file the appeal bond under rule 41(a)(2).

We deny leave to file.