M.T. O'DONNELL, Jr., Appellant,

v.

Don Shelton McDANIEL, Appellee.

No. 2–95–220–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 29, 1995.

M.T. O'Donnell, Jr., Arlington, for appellant.

Don Shelton McDaniel, Arlington, for appellee.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

### OPINION

CAYCE, Chief Justice.

The question presented in this appeal is whether a request for findings of fact and conclusions of law operates to extend the appellate timetable when the judgment from which the appeal is taken is an order of dismissal that was rendered without an evidentiary hearing. We hold that it does not and dismiss the appeal for want of jurisdiction because appellant has filed no cost bond and has failed to file his motion to extend time to file the cost bond within the prescribed time period.

Appellant M.T. O'Donnell, Jr. sued appellee Don Shelton McDaniel for legal malpractice. On April 10, 1995, McDaniel filed a motion for sanctions and a motion to dismiss O'Donnell's suit on the grounds that the suit failed "to state an actionable cause." On July 17, the trial court signed a judgment dismissing the case with prejudice.

Fourteen days after the signing of the judgment, O'Donnell filed his request for findings of fact and conclusions of law. Thereafter, on August 17, O'Donnell applied for pauper status on appeal which was contested by the clerk. The trial court sustained the contest on August 25. O'Donnell took no further action in the case until October 13, when he filed a motion in this court to extend the time to file his cost bond. He

later filed an amended motion, which we denied on the ground that it was filed more than fifteen days after the date his cost bond was due.

O'Donnell contends that because he filed a request for findings of fact and conclusions of law, he had ninety days from the date of the signing of the judgment, or until October 16, 1995, to file his cost bond. Accordingly, he contends we erred in denying his motion to extend time to file the cost bond because it was filed three days prior to the deadline for filing the cost bond.

■ In an ordinary appeal, the cost bond, deposit, or affidavit in lieu of bond must be filed with the clerk of the trial court thirty days after the judgment is signed. Tex. R.App.P. 41(a)(1). The deadline for filing the cost bond or substitute may be extended to ninety days after the signing of the judgment by the timely filing of a motion for new trial, motion to modify, correct, or reform the judgment or, in *"a case tried without a jury,"* a request for findings of fact and conclusions of law. *Id.* (emphasis supplied); *see* Tex.R.Civ.P. 329b. The deadline for filing the cost bond or substitute may be further extended by the filing of a proper motion for extension of time within fifteen days of the deadline. Tex.R.App.P. 41(a)(2). This fifteen day time period is jurisdictional. If no motion to extend is filed within the fifteen day time period, the appeal must be dismissed for lack of jurisdiction. *See Stafford v. O'Neill,* 902 S.W.2d 67, 68 (Tex.App.— Houston [1st Dist.] 1995, orig. proceeding); *Ballard v. Portnoy,* 886 S.W.2d 445, 447 (Tex.App.—Houston [1st Dist.] 1994, no writ) (op. on reh'g).

■ The provision in Tex.R.App.P. 41(a)(1) that extends the timetable for perfecting appeal by the filing of requests for findings of fact and conclusions of law clearly relates to Tex.R.Civ.P. 296, which only permits findings of fact and conclusions of law in "cases tried ... without a jury." Tex.R.Civ.P. 296. A case which is "tried" without a jury is one in which there is an evidentiary hearing, and the trial court is called upon to determine questions of fact upon conflicting evidence. *Chavez v. Housing Auth.,* 897 S.W.2d 523, 525 (Tex.App.—El Paso 1995, writ denied) (op. on reh'g); *Besing v. Moffitt,* 882 S.W.2d 79, 81–82 (Tex.App.—Amarillo 1994, no writ); *Zimmerman v. Robinson,* 862 S.W.2d 162, 164 (Tex.App.—Amarillo 1993, no writ). The dismissal of a case without an evidentiary hearing does not constitute a case that has been "tried." *Zimmerman,* 862 S.W.2d at 164. In such a case, a request for findings of fact and conclusions of law is inappropriate and, therefore, does not extend the appellate timetable. *Besing,* 882 S.W.2d at 82; *see also Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994) ("Because findings of fact and conclusions of law have no place in a summary judgment proceeding, the [appellate] timetable was not extended.").

■ In the instant case, the trial court held a hearing on McDaniel's motion to dismiss and motion for sanctions. No evidence was offered or admitted at the hearing. McDaniel merely alleged that O'Donnell's suit should be dismissed because it failed "to state an actionable cause." [1] In deciding that O'Donnell's suit did not state a cause of action, the trial court did not "try" or decide any contested fact issues. Consequently, O'Donnell's request for findings of fact and conclusions of law was improper and did not operate to extend the deadline for filing his cost bond beyond August 16, 1995, the thirtieth day after the court signed the judgment.

However, O'Donnell did timely file a pauper's affidavit which was contested. He, therefore, had until ten days after the contest was sustained to file the cost bond. Tex.R.App.P. 41(a)(2); *Stafford,* 902 S.W.2d at 67. O'Donnell, however, filed no cost bond within this ten day time period, nor did he request an extension of time to file the cost bond within fifteen days after the deadline for filing the bond. O'Donnell, in fact, did not file his motion to extend the time for

---

1. We recognize that a dismissal on such grounds constitutes a general demurrer. *See* Tex.R.Civ.P. 90; *Fort Bend County v. Wilson,* 825 S.W.2d 251, 252–53 (Tex.App.—Houston [14th Dist.] 1992, no writ). However, because we hold that O'Donnell failed to timely perfect appeal, we are without jurisdiction to consider any complaint O'Donnell may have raised regarding the propriety of the court's order.

filing the cost bond until October 13, 1995, more than twenty-two days after the deadline for perfecting his appeal. We, therefore, have no jurisdiction over this attempted appeal.

The appeal is dismissed for want of jurisdiction.