cv5-484.dd.kendrick 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00484-CV






Leon Lavarn Kendrick, Appellant



v.



Jack Kyle and Wayne Scott, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 94-11916, HONORABLE MARGARET COOPER, JUDGE PRESIDING







PER CURIAM



 On our own motion, we dismiss this cause for lack of jurisdiction. See Tex. R.
App. P. 60(a)(2). This Court sent notice on August 23, 1995 that it would dismiss the case unless
Leon Lavarn Kendrick showed proper invocation of this Court's jurisdiction. He has tried, but
failed, to do so through motion and correspondence.

 Kendrick did not perfect by affidavit of inability to pay. The trial court dismissed
this cause on June 26, 1995. Kendrick timely filed his affidavit of inability to pay the costs of
appeal on July 11. The State filed its contest to the affidavit on July 18. The trial court held a
hearing on July 28 at which it sustained the contest. Kendrick's more detailed affidavit of
inability did not arrive at the trial court until July 31.

 Nor did he perfect the appeal by other means. Even if we consider his motion to
reinstate to have been mailed timely (it was filed on July 31), it extended the deadline for
perfection by cost bond or certificate of cash deposit only to September 25. See Tex. R. App. P.
41(a)(1). His motion to extend the time to file the appeal and the perfecting instrument were then
due no more than fifteen days later--October 10. See Tex. R. App. P. 41(a)(2). He filed a motion
to extend time to file a perfecting instrument on October 11. Even if the mailbox rule were
invoked to extend the time further, Kendrick filed no perfecting instrument. We grant the motion
to extend time until October 10, 1995, the longest extension permissible under Rule 41(a)(2).

 Kendrick belatedly sought review of the sustaining of the contest to his affidavit
by filing his motion for leave to file petition for writ of mandamus in Kendrick v. Dietz,
No. 03-95-00646-CV (Tex. App.--Austin 1995) (orig. proceeding, leave to file denied). He filed
his motion for leave on November 3. Because the time for perfecting the appeal otherwise expired
on October 10, this motion was late. See Stafford v. O'Neill, 902 S.W.2d 67, 67-68 (Tex.
App.--Houston [1st Dist.] 1995, orig. proceeding). 

 The trial court's failure to inform him of the sustaining of the contest does not save
his appeal. Kendrick stated in his petition for writ of mandamus that he learned on August 26 by
letter from this Court's clerk that the trial court had sustained the contest to his affidavit. He thus
learned of the trial court's action well within the time to perfect the appeal or challenge the
sustaining of the contest.

 Because Kendrick did not timely perfect the appeal, we have no jurisdiction. See
Ludwig v. Enserch, 845 S.W.2d 338, 340 (Tex. App.--Houston [1st Dist.] 1992, no writ). We
dismiss the cause.


Before Justices Powers, Aboussie and Kidd

Appeal Dismissed for Want of Jurisdiction

Filed: January 31, 1996

Do Not Publish