Texas DPS v. Walters 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00164-CV







Texas Department of Public Safety, Appellant



v.



Harlan Gene Walters, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 95-04252, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM



 Appellant Texas Department of Public Safety attempts to appeal a judgment
dismissing its cause of action against appellee Harlan Gene Walters for want of jurisdiction. The
trial court signed the judgment of dismissal on November 27, 1995. The Department timely
perfected an appeal and, on March 21, 1996, tendered a transcript to this Court. Because it
arrived 115 days after the judgment was signed, the Clerk of this Court questioned the timeliness
of the transcript.

 The Department has responded by moving for leave to file the transcript, asserting
that its timely request for findings of fact and conclusions of law entitles it to the extended
deadline of 120 days to file the transcript. See Tex. R. Civ. P. 296; Tex. R. App. P. 54(a).

 The trial court recites in its judgment of dismissal that "all matters in controversy
were submitted to the court" and that the court determined that it lacked jurisdiction over the cause. The Department has submitted the affidavit of the court reporter in lieu of a statement of
facts. The court reporter states that, because the parties agreed to forego oral argument and to
submit the question to the trial court on briefs, she made no recording or transcription of the
hearing.

 This Court has recently held that when the trial court dismisses a cause for want
of jurisdiction without hearing evidence, a request for findings fails to extend the appellate
timetable. Lusk v. Service Lloyds Ins. Co., 03-96-00081-CV, slip op. at 3-4 (Tex. App.--Austin
May 8, 1996, no writ h.). See also O'Donnell v. McDaniel, 914 S.W.2d 209, 210 (Tex.
App.--Fort Worth 1995, writ requested); Waco Indep. Sch. Dist. Taxpayers Ass'n v. Waco Indep.
Sch. Dist., 912 S.W.2d 392, 394 (Tex. App.--Waco 1995, no writ); Zimmerman v. Robinson, 862
S.W.2d 162, 164 (Tex. App.--Amarillo 1993, no writ). We subsequently distinguished Lusk from
a dismissal for want of jurisdiction in which evidence is presented. Hernandez v. Texas Dep't of
Ins., 03-95-00503-CV, slip op. at 3-4 (Tex. App.--Austin May 22, 1996, no writ).

 In this case, the trial court dismissed the Department's cause for want of
jurisdiction without hearing evidence. The Department's request for findings thus failed to extend
the appellate timetable. Lusk, slip op. at 4. The Department did not tender the transcript within
sixty days after the judgment was signed or timely move for an extension, and this Court lacks
authority to consider a late transcript. Tex. R. App. P. 54(a). We therefore overrule the
Department's motion for leave to file and dismiss the appeal. Tex. R. App. P. 60(a)(2); Western
Credit Co. v. Olshan Enters., Inc., 714 S.W.2d 137, 138 (Tex. App.--Houston [1st Dist.] 1986,
no writ).



Before Justices Powers, Jones and B. A. Smith

Dismissed 

Filed: July 31, 1996

Do Not Publish