TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00326-CV







Esequiel Rodriguez, Appellant



v.



Texas Department of Mental Health & Mental Retardation, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-01455, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







PER CURIAM



 Esequiel Rodriguez appeals the dismissal of his suit against the Texas Department
of Mental Health & Mental Retardation (TDMHMR). By his suit, Rodriguez claimed that he
suffered personal injuries when TDMHMR refused to give him medicine to treat his psychiatric
condition. Rodriguez filed suit in forma pauperis. The trial court dismissed the suit as frivolous
under Texas Civil Practice and Remedies Code section 13.001. See Tex. Civ. Prac. & Rem.
Code Ann. § 13.001 (West Supp. 1996). We will affirm the trial-court judgment.

 By his first point of error, Rodriguez complains that the trial court erred by
dismissing the case without an evidentiary hearing. Section 13.001(b) provides that the court can
dismiss a claim as frivolous or malicious if:



(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.



Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b) (West Supp. 1996). The Texas Supreme Court's
decision in Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990), discouraged reliance on either
the first or third alternative to dismiss a suit. Therefore, we consider whether the dismissal was
proper because the claim has no arguable basis in law or in fact. 

 An evidentiary hearing may be required before dismissal if the court relies on the
lack of an arguable basis in fact. McDonald v. Houston Dairy, 813 S.W.2d 238, 239 (Tex.
App.--Houston [1st Dist.] 1991, no writ). Since no evidentiary hearing was held, we will consider
whether the dismissal was proper because the claim had no arguable basis in law.

 Rodriguez' pleading alleges that he was transferred from the Texas Department of
Criminal Justice-Institutional Division (TDCJ-ID) to the Harris County Jail on October 14, 1994. 
Upon arrival, Rodriguez informed the Harris County Medical Staff that he was under psychiatric
treatment at TDCJ-ID and that he was taking various medications to control his condition. 
TDMHMR would not issue medication before his medical records were approved in Austin. 
Rodriguez requested his medication again on October 18, October 25, and October 26, 1994. He
learned on November 2, 1994 that TDCJ-ID had sent his medication to Harris County Jail but that
TDMHMR never gave it to him. Rodriguez claims that, because he was deprived of his
medication, he started hearing voices, could not sleep, and became frightened and paranoid. Read
broadly, Rodriguez alleges (1) that TDMHMR failed to give him medication he required, and (2)
that the failure resulted from TDMHMR's operating procedures. 

 The standard of review of a section 13.001 dismissal is whether the trial court
abused its discretion. Thomas, 836 S.W.2d at 352. The test for abuse of discretion is whether
the trial court acted without reference to any guiding rules and principles or whether the act was
arbitrary and unreasonable. McDaniel v. Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995); Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A clear failure by a trial
court to analyze or apply the law correctly is an abuse of discretion. McDaniel, 898 S.W.2d at
253; Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Here, the relevant law is the Texas
Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1986 & Supp.
1996) (hereinafter "Act").

 We first consider whether Rodriguez' allegation that TDMHMR failed to provide
his medication states a viable claim under section 101.021 of the Act, which waives liability for
personal injury caused by a condition or use of "tangible personal property." Act § 101.021. In
Kassen v. Hatley, 887 S.W.2d 4, 14 (Tex. 1994), the supreme court considered whether a hospital
and medical school were entitled to assert sovereign immunity when doctors at the emergency
room confiscated a patient's medication and did not return it because they feared she would
overdose. The court held that the confiscation of and refusal to return the medication was a "non-use" rather than a use of tangible personal property that did not fall within the waiver of the Tort
Claims Act. The facts in this case are less egregious than in Kassen: TDMHMR simply did not
give Rodriguez his medication. We conclude that, under Kassen, his claim is for non-use rather
than use of tangible personal property and that such a claim may not proceed under section
101.021.

 We next consider whether the allegation that TDMHMR's failure to give the
medication resulted from its operating procedures states a claim under the Tort Claims Act. The
Texas Supreme Court held in University of Texas Medical Branch v. York, 871 S.W.2d 175, 176
(Tex. 1994), that the state did not waive its immunity by using, misusing, or not using information
in a medical record. The York court defined "tangible personal property" as something that has
a corporeal, concrete, and palpable existence, and concluded that the medical records were only
information, which is not corporeal. Id. at 178. Similarly, the operating procedures, even if
written, are more like "information" than "property." See also Bellnoa v. City of Austin, 894
S.W.2d 821, 825 (Tex. App.--Austin 1995, no writ) (speed limit sign only gives information
regarding law). We hold that TDMHMR's operating procedures, even if written, are not tangible
personal property under section 101.021. 

 Finally, Rodriguez asserts that TDMHMR "owes him a legal duty" under Texas
Health and Safety Code section 531.001(c). Tex. Health & Safety Code Ann. § 531.001(c) (West
1992). Section 531.001(c) simply states that it is the goal of this state to provide a comprehensive
range of services for persons with mental illness who need publicly supported, care, treatment,
or habilitation. Section 531.001(c) does not establish a private cause of action for damages, nor
does it broaden the limits of section 101.021. 

 We conclude that the trial court was not required to hold an evidentiary hearing
before dismissing Rodriguez' case because the case has no arguable basis in law. We overrule
point of error one.

 By his second point of error, Rodriguez argues that the trial court erred by not
making findings of facts and conclusions of law. Texas Rule of Civil Procedure 296 requires that
the trial court file findings of fact in a case tried without a jury. The word "tried" means that the
court heard and decided evidence. Hernandez v. Texas Dep't of Ins., No. 03-95-00503-CV (Tex.
App--Austin May 22, 1996, no writ); Zimmerman v. Robinson, 862 S.W.2d 162, 164 (Tex.
App.--Amarillo 1993, no writ). Therefore, findings are inappropriate in a dismissal on the
pleadings in which evidence is not heard. O'Donnell v. McDaniel, 914 S.W.2d 209, 210 (Tex.
App.--Fort Worth 1995, no writ); Chavez v. Housing Auth., 897 S.W.2d 523, 525 (Tex. App.--El
Paso 1995, writ denied); Eichelberger v. Balette, 841 S.W.2d 508, 510 (Tex. App.--Houston [14th
Dist.] 1992, writ denied). We overrule point of error two. We affirm the trial-court
judgment.



Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 31, 1996

Do Not Publish 



ough, 898 S.W.2d 251, 253 (Tex. 1995); Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A clear failure by a trial
court to analyze or apply the law correctly is an abuse of discretion. McDaniel, 898 S.W.2d at
253; Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Here, the relevant law is the Texas
Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1986 & Supp.
1996) (hereinafter "Act").

 We first consider whether Rodriguez' allegation that TDMHMR failed to provide
his medication states a viable claim under section 101.021 of the Act, which waives liability for
personal injury caused by a condition or use of "tangible personal property." Act § 101.021. In
Kassen v. Hatley, 887 S.W.2d 4, 14 (Tex. 1994), the supreme court considered whether a hospital
and medical school were entitled to assert sovereign immunity when doctors at the emergency
room confiscated a patient's medication and did not return it because they feared she would
overdose. The court held that the confiscation of and refusal to return the medication was a "non-use" rather than a use of tangible personal property that did not fall within the waiver of the Tort
Claims Act. The facts in this case are less egregious than in Kassen: TDMHMR simply did not
give Rodriguez his medication. We conclude that, under Kassen, his claim is for non-use rather
than use of tangible personal property and that such a claim may not proceed under section
101.021.

 We next consider whether the allegation that TDMHMR's failure to give the
medication resulted from its operating procedures states a claim under the Tort Claims Act. The
Texas Supreme Court held in University of Texas Medical Branch v. York, 871 S.W.2d 175, 176
(Tex. 1994), that the state did not waive its immunity by using, misusing, or not using information
in a medical record. The York court defined "tangible personal property" as something that has
a corporeal, concrete, and palpable existence, and concluded that the medical records were only
information, which is not corporeal. Id. at 178. Similarly, the operating procedures, even if
written, are more like "information" than "property." See also Bellnoa v. City of Austin, 894
S.W.2d 821, 825 (Tex. App.--Austin 1995, no writ) (speed limit sign only gives information
regarding law). We hold that TDMHMR's operating procedures, even if written, are not tangible
personal property under section 101.021. 

 Finally, Rodriguez asserts that TDMHMR "owes him a legal duty" under Texas
Health and Safety Code section 531.001(c). Tex. Health & Safety Code Ann. § 531.001(c) (West
1992). Section 531.001(c) simply states that it is the goal of this state to provide a comprehensive
range of services for persons with mental illness who need publicly supported, care, treatment,
or habilitation. Section 531.001(c) does not establish a private cause of action for damages, nor
does it broaden the limits of section 101.021. 

 We conclude that the trial court was not required to hold an evidentiary hearing
before dismissing Rodriguez' case because the case has no arguable basis in law. We overrule
point of error one.

 By his second point of error, Rodriguez argues that the trial court erred by not
making findings of facts and conclusions of law. Texas Rule of Civil Procedure 296 requires that
the trial court file findings of fact in a case tried without a jury. The word "tried" means that the
court heard and decided evidence. Hernandez v. Texas Dep't of Ins., No. 03-95-00503-CV (Tex.
App--Austin May 22, 1996, no writ); Zimmerman v. Robinson, 862 S.W.2d 162, 164 (Tex.
App.--Amarillo 1993, no writ). Therefore, findings are inappropriate in a dismissal on the
pleadings in which evidence is not heard. O'Donnell v. McDaniel, 914 S.W.2d 209, 210 (Tex.
App.--Fort Worth 1995, no writ); Chavez v. Housing Auth., 897 S.W.2d 523, 525 (Tex. App.--El
Paso 1995, writ denied); Eichelberger v. Balette, 841 S.W.2d 508, 510 (Tex. App.--Houston [14th
Dist.] 1992, writ denied). We overrule point of error two. We affirm the trial-court
judgment.