

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00326-CV

ANDREA D. SMITH                                                    APPELLANT

V.

PALLIDA, L.L.C., SUCCESSOR IN                                      APPELLEES
INTEREST OF DODEKA, L.L.C.
AND FROST BANK

----------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
## TRIAL COURT NO. CV17-0117

----------

## MEMORANDUM OPINION[1]

----------

The central question in this proceeding is whether Appellant Andrea D. Smith's request for findings of fact and conclusions of law extended her deadline to file a notice of appeal. Because the trial court's decision was made as a

---

[1]*See* Tex. R. App. P. 47.4.

matter of law, we hold that her request did not extend her deadline and dismiss the appeal.

## I. The proceedings below

In February 2008, Dodeka, L.L.C. obtained a default judgment against Smith. Nine years later, in January 2017, Appellee Pallida, L.L.C. filed an application for writ of garnishment alleging that it was Dodeka's successor-in-interest and seeking to garnish funds belonging to Smith and held by Frost Bank. In support of its application, Pallida attached an affidavit by its custodian of records, Courtney Dodd, that asserted its status as a successor-in-interest, stated that no payments had been made toward the judgment against Smith, provided that Pallida had located no nonexempt assets belonging to Smith that were available to satisfy the judgment, and recited the efforts taken by Pallida and its predecessors to collect the judgment. A writ of garnishment was issued on January 31, 2017.

On March 16, 2017, Smith filed a motion to dissolve the writ. Smith's arguments can be summarized as follows: (1) the writ of garnishment was defective because it failed to include the language required by rule 663a, *see* Tex. R. Civ. P. 663a; (2) Dodd's affidavit was defective because it did not establish how she obtained any "personal knowledge" of the debt or Smith's assets; (3) Pallida did not establish standing because the purported assignments of the debt from Dodeka and, eventually, to Pallida were defective; and (4) inconsistent statements were made over the years as to who owned the debt.

2

An affidavit signed by Smith was attached to the motion in which Smith asserted that the statements in the motion regarding what Dodd knew or did not know about property Smith owned in Texas were true and correct and that Smith had not provided any information regarding her property to Dodd.

Pallida filed a response and attached a second affidavit by Dodd that detailed the progression of assignments from Dodeka to three successor companies and finally to Pallida in 2014. Attached to the affidavit were copies of the assignments and bills of sale evidencing the transfers over the years.

At the April 20, 2017 hearing, Smith's counsel focused on his arguments that (1) the writ of garnishment failed to include mandatory language required by rule 663a, *see id.*; (2) the business records affidavit submitted by Pallida in support of the garnishment did not establish personal knowledge; and (3) Pallida did not establish standing as a successor-in-interest. No evidence was admitted and no testimony was offered by either side. At the conclusion of the hearing, the trial court denied the motion to dissolve the writ.

Shortly thereafter, Pallida moved for entry of a judgment of garnishment. At a brief hearing on the motion, Smith's counsel argued that Pallida had not proven that Smith was served with the writ of garnishment. Although the parties stipulated as to the amount of Frost Bank's attorney's fees, Smith's counsel also complained that there was nothing showing how the final amount of the writ ($30,644.14) was calculated. He also took issue with the order's provision that, upon appeal or reformation of the judgment, the funds should be returned to the

3

registry of the trial court. The trial court again overruled his objection to the form of the writ, overruled his objection regarding the calculation of the amount due, and sustained his objection regarding the return of funds. The trial court signed a final judgment of garnishment on June 27, 2017, awarding $30,644.14 to Pallida.

On July 14, 2017, Smith filed a request for findings of fact and conclusions of law under rule 296, which if appropriate, would have extended Smith's original deadline for filing a notice of appeal—July 27, 2017—to September 25, 2017. *See* Tex. R. Civ. P. 296, Tex. R. App. P. 26.1(a)(4). On August 4, 2017, the trial court sent a letter to the parties expressing its concern that findings of fact and conclusions of law may not be appropriate and requesting the parties to submit any authority indicating otherwise. Thus, Smith was apprised of the trial court's concern well within the period of time when Smith could have invoked this court's jurisdiction by filing a notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that the filing of a perfecting instrument within the fifteen-day period after the date it was due implied a request for an extension); *see also Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex, 2003) (applying *Verbugt* to a notice of appeal filed in fifteen-day window for extension). Instead of filing her notice of appeal on August 4—or at least by August 11—on August 11, Smith filed a notice of past due findings of fact and conclusions of law. *See* Tex. R. Civ. P. 297*.* In the weeks that followed, both parties filed letter briefs arguing over whether findings of fact and conclusions of law were appropriate in this case. In the end, the trial court did not issue any findings of fact and conclusions of law.

4

Smith filed a notice of appeal on September 25, 2017, 90 days after the final judgment was signed.[2]

## II. Pallida's motion to dismiss

Pallida has filed a motion to dismiss Smith's appeal arguing that because Smith's request for findings of fact and conclusions of law did not serve to extend the deadline for filing her notice of appeal, her notice of appeal was untimely. In response, Smith argues that because the trial court made factual determinations in denying her motion to dissolve the writ and in denying her objections to the form of the final judgment of garnishment, her appellate deadlines were extended by her request for findings and conclusions.

### A. Applicable law

With a few exceptions, a notice of appeal must be filed within 30 days after a trial court's judgment is signed. Tex. R. App. P. 26.1. One such exception extends the time period to file the notice of appeal to 90 days when a party files a request for findings of fact and conclusions of law "if findings and conclusions either are required by the rules of civil procedure or, if not required, could

---

[2]Even if Smith's request for findings of fact and conclusions of law had extended the notice of appeal deadline to September 25, 2017, the rules do not preclude a party from filing her notice of appeal earlier. *See* Tex. R. App. P. 27.1(a) (providing that a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal). Thus, nothing prevented Smith from filing her notice of appeal on August 4, when the trial court expressed its concern that findings of fact and conclusions of law were not appropriate in this case.

properly be considered by the appellate court." Tex. R. App. P. 26.1(a)(4). The rules of civil procedure provide that a party may request the court to issue written findings of facts and conclusions of law "[i]n any case tried in the district or county court without a jury." Tex. R. Civ. P. 296.

The Texas Supreme Court has held that a request for findings of fact and conclusions of law "does not extend the time for perfecting appeal of a judgment rendered as a matter of law, where findings and conclusions can have no purpose and should not be requested, made, or considered on appeal." *IKB Indus., (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). For instance, findings and conclusions have no place in a case resolved by summary judgment because, "if summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response." *Id.* at 441. Because an appellate court cannot consider findings of fact in connection with a summary judgment, a request for findings in such a case will not serve to extend the appellate deadlines. *Id.* at 441–42. Requests for findings and conclusions have also been held unnecessary for judgments following a directed verdict, judgments non obstante veredicto, default judgments awarding liquidated damages, dismissals for want of prosecution without an evidentiary hearing, dismissals for want of jurisdiction without an evidentiary hearing, dismissals based on the pleadings or special exceptions, judgments rendered without an evidentiary hearing, and cases tried upon an agreed statement of facts. *See id.* at 443 (listing the first seven examples); *Int'l Union, United Auto.,*

6

*Aerospace & Agric. Implement Workers of Am.–UAW v. Gen. Motors Corp.*, 104 S.W.3d 126, 129 (Tex. App.—Fort Worth 2003, no pet.) (dismissing as untimely an appeal of a judgment after a trial upon agreed facts). *But see Davis v. State*, 904 S.W.2d 946, 951 (Tex. App.—Austin 1995, no writ) (holding that findings may be proper in rare instances where inferential findings beyond the agreed facts may be necessarily compelled by the facts as a matter of law). In all of the foregoing situations, the trial court is not called upon to determine questions of fact based on conflicting evidence. *See Int'l Union*, 104 S.W.3d at 129*; Port Arthur ISD v. Port Arthur Teachers Ass'n*, 990 S.W.2d 955*,* 958 (Tex. App.— Beaumont 1999, pet. denied).

In comparison, a request for findings and conclusions is appropriate after a conventional trial before the court, a default judgment on a claim for unliquidated damages, a judgment rendered as sanctions, or any judgment based in any part on an evidentiary hearing. *IKB Indus.*, 938 S.W.2d at 443*.*

### B. The dissolution hearing

Two hearings were held in this case: the first on Smith's motion to dissolve the writ of garnishment and the second on Pallida's motion for entry of judgment. Smith does not dispute that the dissolution hearing was not evidentiary. In fact, Smith argues that Pallida's failure to present evidence or testimony at the dissolution hearing means that Pallida failed to meet its burden and the trial court was required to dissolve the writ. *See* Tex. R. Civ. P. 664a (providing that writ

7

shall be dissolved unless the plaintiff proves the grounds relied upon for its issuance).

To support a garnishment action, civil practice and remedies code section 63.001(3) requires that Pallida show that (1) it held a valid, subsisting judgment and (2) that, within its knowledge, Smith did not possess property in Texas subject to execution to satisfy the judgment. Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3) (West 2008). Texas rule of civil procedure 664a provides that "[t]he court's determination [of whether the plaintiff met its burden] may be made upon the basis of affidavits, if uncontroverted, setting forth such facts as would be admissible in evidence; otherwise, the parties shall submit evidence." Tex. R. Civ. P. 664a. To meet these requirements, Pallida submitted two business records affidavits. The first affidavit asserted Pallida's status as a successor-in-interest to Dodeka, stated that the judgment was valid and no payments had been made toward the judgment, and stated that Pallida "ha[d] conducted post-judgment review of its records, as well as Internet and public records database searches regarding Judgment Defendant to try to locate non-exempt assets, but Plaintiff found none." It also listed the efforts taken by Pallida and its predecessors to conduct postjudgment discovery to locate any such assets. Dodd's second affidavit repeated the statements made in the first affidavit, expanded upon the transfers of the judgment from Dodeka to three successor companies and then to Pallida, attached documentation of those transfers, and

8

corrected a minor misstatement in the first affidavit describing a communication with Smith as a settlement offer rather than a notice of change of contact.

In her motion to dissolve the writ of garnishment and at the hearing on her motion, Smith questioned Dodd's personal knowledge and criticized the form of the affidavits and the documents submitted to show the transfer of the judgment to Pallida, but she did not provide any evidence contradicting Dodd's statements. With the exception of one nonessential fact, Smith's affidavit generally denied but did not dispute any of the facts asserted by Pallida in support of its application for garnishment:

> I am the Defendant in the underlying collection case, as well as in this garnishment action; and I have read the above Motion; and that every statement in the motion regarding what Ms. Dodd knows (or does not know) about my property in Texas, are within my personal knowledge and are true and correct. She did not provide any facts about what she knows about me or my property, and I do not know Ms. Dodd; I did not provide her with any information about me through discovery or any other process. The copy of the November 2, 2011 letter stating that the judgment had been sold to Alasia, LLC is a true and correct copy of the original. Ms. Dodd does not say what she knows about me, my property, or how she obtained that information. It appears that she relied on something from someone other than herself, but she does not say who it is or what they research about me. I notice that she says that a prior garnishment was dismissed "due to a lack of non-exempt funds held by the garnishee." That's not accurate—because the prior garnishment was against Chase, and I did not have any bank account with Chase, so there was no reason to attempt a garnishment on a bank where I did not have an account. I deny the statements made in the Application and the Affidavit.

Importantly, she did not dispute Dodd's statement that Smith lacked any property in Texas subject to execution sufficient to satisfy the judgment.

9

"[U]ndisputed evidence that allows of only one logical inference" is conclusive evidence; it can only be viewed in one light, and the factfinder can only reach one conclusion from it. *City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005) (quoting *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 519–20 (Tex. 2002) (plurality op.)). Because Smith presented no contradicting evidence, there was no factual dispute for the trial court to resolve. Smith's argument to this court that the trial court had to decide three issues of fact in making its decision on the basis of the affidavits before it is misplaced. As presented to the trial court, those three issues—whether the writ of garnishment was defective for failing to include the language required by rule 663a, whether the Dodd affidavits were based on her personal knowledge and would be admissible in evidence, and whether Pallida established itself as a successor-in-interest to Dodeka and the owner of the judgment—were issues of law.

As to the first issue, the parties do not dispute that the language required by rule 663a was included in a letter attached to the writ of garnishment but not in the writ itself. Whether it is fatal to fail to include that language in the actual writ itself is a question of law. *Cf. State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (noting that statutory construction is a question of law). The second issue, whether the affidavit was based upon Dodd's personal knowledge sufficient to support the application for a writ of garnishment, is likewise a question of law. *See* Tex. R. Civ. P. 658 (providing that affidavit in support of writ of garnishment application must be "made on personal knowledge and shall set forth such facts

10

as would be admissible in evidence; provided that facts may be stated based upon information and belief if the grounds of such belief are specifically stated"); *see also Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (holding that affidavit was legally insufficient for its failure to establish the affiant's personal knowledge of the facts attested to). Finally, whether Pallida established that it was the successor-in-interest to Dodeka is a question of law because the facts asserted by Dodd and supported by the transfer documents are uncontroverted. *Cf. Haddix v. Am. Zurich Ins. Co.*, 253 S.W.3d 339, 346 (Tex. App.—Eastland 2008, no pet.) (holding that findings and conclusions were not required in plea to jurisdiction decided on undisputed facts).

Because the trial court did not have to resolve any factual dispute in denying Smith's motion to dissolve the writ of garnishment, findings and conclusions would have served no purpose in this appeal. *See Port Arthur ISD*, 990 S.W.2d at 958 ("Findings and conclusions are appropriate if there is an evidentiary hearing, and the trial court is called upon to determine questions of fact upon conflicting evidence."). Thus, Smith's request for findings and conclusions in this regard did not extend her deadline to file a notice of appeal. *Int'l Union*, 104 S.W.3d at 129–30 (dismissing appeal for lack of jurisdiction where trial court's decision was based on "the briefs and exhibits, as previously agreed by the parties," and, as such, request for findings and conclusions did not extend appellate deadlines).

11

### C. The hearing for entry of a final judgment

Alternatively, Smith argues that the hearing on Pallida's motion for entry of a final judgment was an "actual trial" that "resulted in the rendition of a judgment based on issues of law and fact." To support her argument, Smith relies upon the three objections her counsel made at the hearing, but the lodging of objections is not the test to determine whether a matter was heard or tried. In determining whether the appellate deadlines have been extended by a request for findings and conclusions, we have previously noted that a case is "tried" if there is an evidentiary hearing in which the trial court is called upon to determine questions of fact upon conflicting evidence. *O'Donnell v. McDaniel*, 914 S.W.2d 209, 210 (Tex. App.—Fort Worth 1995, writ denied).

No conflicting evidence was admitted at the hearing for entry of a final judgment.[3] Smith's counsel lodged three objections "to the form of the [proposed] [j]udgment." First, he took issue with the statement in the proposed judgment that Smith had been properly served with the writ of garnishment and argued that there was "no such proof offered." The trial court determined that this had been resolved in the prior hearing on the motion to dissolve the writ of garnishment and overruled the objection. Second, Smith's counsel objected to the lack of any documentation of the calculation of the amount due as it was

---

[3]The only exhibits offered into evidence were a stipulation to Frost Bank's attorney's fees and a copy of the 2008 default judgment entered against Smith. Both were admitted without objection from Smith's counsel.

reflected in the proposed judgment. After Pallida's counsel explained how the amount was calculated, the trial court overruled the objection. Finally, Smith's counsel objected to the proposed judgment's requirement that the funds should be returned to the registry of the trial court in the event the judgment was set aside or reformed. This objection was sustained and that provision was removed to allow the return of funds directly to Smith.

Smith's counsel's objections did not transform the hearing into a trial sufficient to invoke the provisions of rule 296. *See* Tex. R. Civ. P. 296 (permitting a request for findings and conclusions in any case "tried" in the district court); *O'Donnell*, 914 S.W.2d at 210 (holding that hearing on motion to dismiss and motion for sanctions was not a trial where trial court only decided that plaintiff's suit did not state a cause of action). Thus, under these circumstances, Smith's request for findings and conclusions did not serve to extend the appellate deadlines.

## Conclusion

Having found that there were no issues of disputed fact decided by the trial court, we hold that Smith's request for findings and conclusions did not extend the 30-day deadline to file her appeal, and therefore her notice of appeal was untimely. Tex. R. App. P. 26.1.[4] We therefore grant Pallida's motion to dismiss

---

[4]After Pallida filed its motion to dismiss, Smith filed a motion to abate the appeal and compel the trial court to enter findings and conclusions. Because we have determined that findings and conclusions were not warranted, we deny the motion.

13

and dismiss the appeal for want of jurisdiction.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and MEIER, JJ.

WALKER, J., dissents without opinion.

DELIVERED:  February 15, 2018